IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Paul Leslie Cox, # 75206,          )      C/A No. 8:15-53-TMC-JDA
                             )
              Petitioner,    )
                             )
vs.                      )      **REPORT AND RECOMMENDATION**
                             )
Warden Cartledge,          )
                             )
              Respondent.   )
_____)

Paul Leslie Cox ("Petitioner"), proceeding pro se, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner is a prisoner committed to the South Carolina Department of Corrections ("SCDC"), and he is incarcerated at McCormick Correctional Institution. The Petition is subject to summary dismissal.

## BACKGROUND

Petitioner brings this action pursuant to 28 U.S.C. § 2254, and he requests that his conviction by guilty plea of kidnaping entered in the Spartanburg County Court of General Sessions on April 16, 1987, be dismissed. [Doc. 1 at 1; Doc. 1-2 at 1.] He states that he received a sentence of life without parole. [Doc. 1 at 6.] Petitioner contends that his indictment and sentence were wrongfully enhanced, and the crime bill is unconstitutional. [Doc. 1 at 5–12.] He also contends that the one-year limitations period does not apply to this action. [*Id*. at 17–18.]

This Court takes judicial notice that Petitioner previously filed *Cox v. Warden, Lieber Corr. Inst.*, a § 2254 habeas corpus action to challenge his conviction for kidnapping entered in the Court of General Sessions for Spartanburg County on April 16, 1987. *See Cox v. Warden, Lieber Corr. Inst. ["Cox I"]*, C/A No. 3:10-3239-HFF-JRM, 2011 WL

1356779, at *1 (D.S.C. March 17, 2011), *Report and Recommendation adopted by*, 2011 WL 1362289 (D.S.C. April 11, 2011); *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In an order filed in *Cox I*, the Honorable Joseph R. McCrorey, United States Magistrate Judge, gave Petitioner twenty-one (21) days to show cause why the Petition should not be summarily dismissed as untimely.  *See* Order, *Cox v. Warden, Lieber Corr. Inst.*, C/A No. 3:10-3239-HFF-JRM, (D.S.C. Jan. 21, 2011), ECF No. 7.  Petitioner responded to the order, but did not address the issue of timeliness.  *Id*. at ECF No. 9.  Instead, Petitioner sought a writ of mandamus and an evidentiary hearing.  *Id*.  In a Report and Recommendation, Magistrate Judge McCrorey recommended that the Petition be dismissed with prejudice as untimely and equitable tolling was not warranted.  *Id*. at ECF No. 13.  Petitioner was apprised of his right to file timely written objections to the Report and Recommendation and of the serious consequences of a failure to do so.  *Id*.  No objections were filed.  On April 11, 2011, the Honorable Henry F. Floyd, (then) United States District Judge, adopted the Report and Recommendation and dismissed the case with prejudice.  *See Cox v. Warden, Lieber Corr. Inst.*, C/A No. 3:10-3239-HFF-JRM, 2011 WL 1362289, at *1 (D.S.C. April 11, 2011).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and

2

submit findings and recommendations to the district court. Petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2012) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam). However, even under this less stringent standard, the Petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA

> codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 ... (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

This § 2254 action should be dismissed because it is successive to Petitioner's first § 2254 action, which was decided on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely); *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive). As discussed above, before Petitioner filed this action in the United States District Court for the District of South Carolina, he was required to obtain leave (*i.e.*, written permission) from the United States Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244(b)(3). Because it appears that Petitioner did not

4

obtain authorization from the Fourth Circuit Court of Appeals to file the instant Petition, this Court does not have jurisdiction to consider it.  *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed *without prejudice* and without requiring the Respondent to file an answer or return.  **Petitioner's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

February 12, 2015
Greenville, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).